Case 2:07-cr-01054-FJM   Document 92   Filed 05/24/12   Page 1 of 6

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR-07-1054-PHX-FJM (LOA) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Mercedes Howard, | ) | |
| Defendant. | ) | |
| | ) | |
| Gila River Indian Community | ) | |
| Garnishee. | ) | |

Before the Court is Defendant Mercedes Howard's ("Defendant") *pro se* letter, filed on May 8, 2012, "request[ing] a stay of all pending . . . proceedings until defendant is granted a full evidentiary hearing, and an appointed attorney to represent her legal interests at any criminal hearing, when either her liberty or property interests are in jeopardy . . . ." (Doc. 89 at 1) The Government opposes Defendant's request for a hearing, but takes no position on whether counsel should be appointed for her. (Doc. 90) The Court construes Defendant's letter as requesting: (1) an order staying this proceeding, (2) an order appointing counsel to represent Defendant in this garnishment matter, and (3) an order setting a garnishment hearing pursuant to 28 U.S.C. § 3202(d).

This case was referred to the undersigned Magistrate Judge on May 17, 2012 for all

post-judgment garnishment proceedings pursuant to 28 U.S.C.§ 636(b)(3), LRCiv 72.1(b), and LRCiv 72.2(a)(8) by the Honorable Frederick J. Martone, United States District Judge. (Doc. 91)

**I. Background**

The docket reflects that on April 30, 2009, a criminal judgment was entered against Defendant in the U.S. District Court, District of Arizona, finding her guilty of Involuntary Manslaughter and Assault Resulting in Serious Bodily Injury and committing her to "[t]he custody of the Bureau of Prisons for a term of **TWO HUNDRED TEN (210) MONTHS**" on Counts Two and Four, each count to run concurrently to the other. (Doc. 82 at 1) (emphasis in original). As part of the criminal judgment, Defendant was ordered to pay $200.00 in mandatory special assessments and $4,484.96, totaling $4,684.96 in criminal monetary penalties, which was due immediately. (*Id.* at 1-2) Judge Martone also directed that payments be made under the Bureau of Prisons' Inmate Financial Responsibility Program with the balance of restitution be paid in equal monthly installments of $203.16 over a period of 32 months to commence 30 days after Defendant's release from imprisonment. (*Id*. at 2) "Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **FIVE (5) YEARS**." (*Id.*) Judge Martone further ordered that if incarcerated, which Defendant is, payment of all criminal monetary penalties are due during imprisonment at a rate of not less than $25.00 per quarter. (*Id*.) According to the Government, the current balance due on the judgment is $4,334.96 as of May 9, 2012. (Doc. 90 at 2)

On April 10, 2012 and pursuant to 28 U.S.C. § 3205(b)(1), the Government filed an Application for Writ of Garnishment on the judgment entered against Defendant directed to the Gila River Indian Community ("Gila River"), Sacaton, AZ, seeking garnishment of $4,434.96, belonging to Defendant as of April 3, 2012. (Doc. 83). "The Garnishee is believed to have possession of property in which the debtor has a substantial nonexempt interest, and it is believed that Garnishee will continue to have possession of property for which Garnishee is or may become indebted to the debtor." (*Id*.) The next day, the Clerk of Court issued a writ of continuing garnishment, notified the Gila River of the writ with

1  instructions Gila River must answer the writ, sent Defendant notice of its issuance along with
2  instructions for filing objections, requesting a hearing, and requesting a transfer to the district
3  of her residence. (Doc. 85) On April 17, 2012, the Government filed a Notice of Service,
4  certifying that a copy of the writ, along with the initial Clerk's Notice to Judgment Debtor
5  and instructions were sent to Judgment Debtor by certified mail and by first-class mail on
6  April 17, 2012, to the Judgment Debtor's (Defendant) last known address. (Doc. 86)

7  On April 30, 2012, the Garnishee, Gila River, filed an answer in which indicated it
8  held property (per capita funds) in which Defendant has an interest in the form of "Quarterly
9  Per Capita Payments pursuant to the Gila River Indian Community Revenue Allocation
10 Ordinance, GRIC Code, Title 22, Chapter 13." (Doc. 87, ¶ 2 at 1) (emphasis omitted). Gila
11 River described the value of the property as "[a] small percentage of net gaming revenues
12 as required under the Indian Gaming Regulatory Act, 25 U.S.C. § 2701. The exact value of
13 each payment is unknown until shortly before the payment dates." (*Id*., ¶ 3) Gila River
14 "anticipates being indebted to [Defendant] as follows: January 31, April 30, July 31, and
15 October 31 of every year [Defendant] opts into the Per Capita payment program." (*Id*., ¶ 5
16 at 2)

17 **II. Request for Stay**

18 Defendant provides no basis to stay this garnishment action until a "full evidentiary
19 hearing" is held and counsel is appointed to represent her. No authority is cited to support
20 Defendant's request for a stay of this garnishment action at this time. Defendant's request
21 for a stay will be denied.

22 **III. Right to Counsel**

23 Although this garnishment action arises out of a criminal judgment, garnishment
24 proceedings in general, and in this case, are civil in nature. *Groat v. Equity American Ins.*
25 *Co.*, 180 Ariz. 342, 347, 884 P.2d 228, 233 (Az.Ct.App. 1994) ("[B]ecause a garnishment
26 proceeding is civil in nature, the Arizona Rules of Civil Procedure, including Rule 37,
27 apply."). "Garnishment is a statutory proceeding whereby the property, money, or credits of
28 a debtor in the possession of another are applied to the payment of the debt." *In re Bensen*,

- 3 -

1  262 B.R. 371, 375 (Bkrtcy.N.D.Tex., May 17, 2001) (footnote omitted).

2  "[I]t is well-established that there is generally no constitutional right to counsel in 3 civil cases." *United States v. Sardone*, 94 F.3d 1233, 1236 (9th Cir. 1996) (citing *Hedges v. 4 Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994). There is also no constitutional 5 right to appointed counsel to defend a civil claim. *Rand v. Rowland*, 113 F.3d 1520, 1525 6 (9th Cir. 1997) (citation omitted); *United States v. $292,888.04 in United States Currency*, 7 54 F.3d 564, 569 (9th Cir. 1995) (no Sixth Amendment right to counsel in civil forfeiture 8 case, and the district court did not abuse its discretion in refusing to appoint counsel.); 9 *United States v. Littlewind*, 2010 WL 703140 (D.N.D. Jan. 27, 2010) ("This Court's research 10 has identified no caselaw establishing a right to appointed counsel in garnishment 11 proceedings, and therefore recommends that that request be denied."), report and 12 recommendation adopted by *United States v. Littlewind*, 2010 WL 703136 (D.N.D. Feb. 19, 13 2010). Moreover, "[t]he Criminal Justice Act of 1964 was enacted to provide compensation 14 for attorneys appointed to represent indigent defendants in federal *criminal* trials." *Ferri v. 15 Ackerman*, 444 U.S. 193, 199 (1979) (emphasis added); *see also* 18 U.S.C. § 3006A(a)(1)(A) 16 ("Representation shall be provided for any financially eligible person who . . . is charged 17 with a felony or a Class A misdemeanor;"). The Court will deny Defendant's request for 18 appointment of counsel.

19 **IV. Title 28 U.S.C. § 3202(d)**

20  If a garnishment hearing were set in this case on a timely request by the Judgment 21 Debtor or her counsel, the issues to be considered at such a hearing are quite limited. Section 22 3202(d) provides, in relevant part:

23  [T]he issues at such hearing shall be limited--

24  (1) to the probable validity of any claim of exemption by the judgment debtor;

25  (2) to compliance with any statutory requirement for the issuance of the post-judgment remedy granted; and

26

27  (3) if the judgment is by default and only to the extent that the Constitution or another law of the United States provides a right to a hearing on the issue, to-

28  (A) the probable validity of the claim for the debt which is merged in the

- 4 -

    judgment; and

    (B) the existence of good cause for setting aside such judgment.

    This subparagraph shall not be construed to afford the judgment debtor the right to more than one such hearing except to the extent that the Constitution or another law of the United States provides a right to more than one such hearing.

28 U.S.C. § 3202(d).

In this case, because Defendant's debt (restitution) has been reduced to judgment, the scope of any hearing is limited to the validity of any claim of exemption and the Government's compliance with the statutory requirements for the garnishment process. *Id.* at (1), (2); *United States v. Pedro*, 2011 WL 2262226, * 2 (D.Ariz. May 16, 2011), report and recommendation adopted by *United States v. Pedro*, 2011 WL 2222386 (D.Ariz. June 8, 2011); *United States v. Kieffer*, 2010 WL 2231806, * 3 (D.N.D., April 28, 2010), report and recommendation adopted by *United States v. Kieffer*, 2010 WL 2231804 (D.N.D., May 28, 2010); *United States v. Tanya Marie Smith*, 88 Fed.Appx. 981, 2004 WL 414822 (8th Cir. 2004) (noting that issues at a garnishment hearing are "limited to determining validity of any claim of exemption, government's compliance with statutory requirements and validity of default judgment.").

**V. Conclusion**

Despite the denial of appointment of counsel, the Court will allow Defendant until **Monday, June 4, 2012** to retain counsel, or proceed *pro se*, and file a supplemental request for a garnishment hearing pursuant to 28 U.S.C. § 3202(d). The supplemental request for hearing shall set forth a valid basis or ground(s) for the requested hearing that is consistent with this order and 28 U.S.C. § 3202(d).  Failure to timely file a request for a garnishment hearing or set forth a valid basis or ground for the requested hearing may result in an order granting the Government's Application for Writ of Garnishment directed to the Garnishee, Gila River. Upon review of Defendant's supplemental request for a garnishment hearing and the Government's reply, if any, the Court will determine whether a hearing will be set and the limitations on such a hearing.

Based on the foregoing,

**IT IS ORDERED** as follows:

1. Defendant's request for a stay is **DENIED**,

2. Defendant's request for appointment of counsel is **DENIED**,

3. Defendant shall have until **Monday, June 4, 2012** to retain counsel, or proceed *pro se*, and file a supplemental request for a garnishment hearing pursuant to 28 U.S.C. § 3202(d). The Government must file a supplemental response to Defendant's supplemental request for a garnishment hearing within **7 calendar days** after Defendant's supplemental request is filed. A reply is not permitted.

**IT IS FURTHER ORDERED** directing the Clerk to mail a copy of this order to Defendant Mercedes Lila Howard, #87597008, Fort Worth, TX, Carswell Federal Medical Center, P.O. BOX 27137, Fort Worth, TX 76127. Defendant must promptly notify the Court and Government's counsel in writing of any change in address. LRCiv 83.3(d) ("An attorney or unrepresented party must file a notice of a name or address change, and an attorney must also file a notice of a change of firm name or e-mail address. The notice must be filed no later than fourteen (14) days before the effective date of the change, . . . .")

**IT IS FURTHER ORDERED** that counsel and any party, if unrepresented, must hereinafter comply with the Rules of Practice for the United States District Court for the District of Arizona. The District's Rules of Practice may be found on the District Court's internet web page at www.azd.uscourts.gov/. All other rules may be found as www.uscourts.gov/rules/.

Dated this 23rd day of May, 2012.

Lawrence O. Anderson
United States Magistrate Judge